HENRY, et v. COX, et

Ohio Appeals, 9th Dist., Summit Co.

No. 1291. Decided May 16, 1927

130. **BENEFICIAL ASSOCIATIONS — 1. When by a majority vote it is decided to surrender the charter of a beneficial society, and the charter is sent to the parent chapter and same is immediately returned to sender such acts do not constitute a dissolution of the society.**

**2. A majority of members of an organization may withdraw from the order either singly or collectively but they cannot take the property of the organization with them.**

First Publication of this Opinion

PER CURIAM.

The evidence in this case shows that Summit County Klan No. 27 is a subordinate branch of the Knights of the Ku Klux Klan, Inc. of the state of Georgia, the charter to the local Klan having been granted on Nov. 29, 1923.

It further shows that at one time the local Klan was the largest in the world. This large membership brought about jealousies and dissension, so that on Sept. 16, 1926 at a meeting attended by 3500 members, all but 18 voted to return the charter to the state headquarters at Columbus. At the same meeting before it was voted to return the charter, a resolution was passed transferring the assets of the Klan to the Protestant Service League, to be held by them, as trustees for a period of six months and that the income be used for charity purposes. Henry and Jenks being a committee to dispose of these funds as instructed by 40% of those present at the meeting, Henry and Jenks to turn this property over at once.

When the charter was received at state headquarters it was immediately returned and this court agrees with the lower court that there was no dissolution and we vnd the Klan a going concern with a membership of 1200. Upon the question of the resolution, the Court of Appeals held:

1. The resolution by its terms designated and appointed "The Protestant Service League," a corporation not for profit and not connected with the local Klan, with its principal place of business in Akron, trustee of all of the funds and property of Klan No. 27, for a period of six months, with the power to dispose of the income during such time for charitable purposes, and then it attempts to authorize two members to dispose of all of the principal of this fund as directed by 40% of the members present at the meeting on Sept. 18, 1926.

2. This resolution, as a matter of law, constituted the league a trustee for Klan No. 27, with the implied power in the Klan to cancel or recall the trust thus created and to require the property to be returned to the real owners upon demand.

3. The attempted grant of power of disposition of the principal of this trust property, which continued to belong to the organization as such and not to its members, to "forty percent of those present at the meeting," was of no effect, as those present could not effect the power of the members in good standing, at a subsequent meeting, to dispose of Klan property in accordance with the rules and regulations of the order.

4. Nor could they transfer the power to handle and control the Klan property to others than the regular officers of the Klan and the members in good standing at the time the disposition is attempted to be made.

5. They had a right voluntarily to withdraw and cease to be members, and the court must find that they did so. They could withdraw singly or collectively, but they could not take with them any of the property, whether they left individually or collectively.

Petition of plaintiffs dismissed and all of said property directed to be returned to proper officers of Klan 27.

(Washburn, PJ., Funk and Pardee, JJ., concur.)

Attorneys—O. L. Dally and Commins, Brouse, Englebeck & McDowell for Henry et; Benner, Harter, Walker & Watters; W. F. Lumbrunn, J. H. Connaughton, W. B. Brown and B. H. Sullivan for Cox, et; all of Akron.